FILED FOR RECORD 04/19/2022 14:43:19
Kyle S. Hannan, DY CLERK
JEFFERSON PARISH, LA

## 24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
## STATE OF LOUISIANA

CASE NO. 827-322                                        DIVISION "C"

### MICHELLE HUTTON

### VERSUS

### LA TRIO EQUITIES LLC, LURIN PROPERTY MANAGEMENT LLC, AND ABC INSURANCE COMPANY

FILED: _____    _____
                                      DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Michelle Hutton, who respectfully avers as follows:

### PARTIES

1.

Plaintiff, Michelle Hutton (hereinafter "Ms. Hutton") is a person of the full age of majority and is domiciled in Jefferson Parish.

2.

Made Defendants herein are:

A. LA Trio Equities LLC (hereinafter "Trio Equities" or "Defendant"), is a business entity, who upon information and belief, is authorized to do and doing business in the State of Louisiana. At all times relevant, Trio Equities owned Leonne Apartments which is located 2220 Clearvy Ave., Apartment 245, Slidell, Louisiana 70001 (hereinafter "Property"). At all times relevant, Plaintiff sustained damages at Property as a result of Trio Equities's wrongful conduct as owners.

B. Lurin Property Management, LLC. (hereinafter "Lurin" or "Defendant") is a foreign business entity, who upon information and belief, is authorized to do and doing business in the State of Louisiana. At all times relevant, Lurin was appointed to manage Property. At all times relevant, Plaintiff sustained damages at Property as a result of Lurin's wrongful conduct as property managers.

C. ABC Insurance Company, (hereinafter "ABC Insurance" or "Defendant") is a foreign insurer who upon information and belief, is authorized to do and doing business in the State of Louisiana.

3.

Venue is proper in 24th Judicial District Court of Jefferson because all of Defendants' wrongful conduct against Plaintiff occurred in Jefferson Parish. Additionally, at all times relevant, Plaintiff sustained her damages in Jefferson Parish.

EXHIBIT A

1

## FACTUAL BACKGROUND

4.

On or about November 2020, Ms. Hutton entered into a lease agreement with Defendants, Trio Equities and Lurin to reside at Property. At all times relevant, Plaintiff resided and sustained damages at Property.

5.

During Plaintiff's residency, Ms. Hutton experienced various hazardous conditions including but not limited to water intrusion, excess moisture, caved ceiling, and/or widespread mold. Consequently, Ms. Hutton notified Trio Equities and Lurin on multiple occasions about the hazardous conditions at Property.

6.

Notably, Plaintiff began to fall sick and suffer adverse health effects including: headaches, difficulty breathing, sinus infections, and flu-like symptoms while residing at Property.

7.

Despite receiving several notices, Trio Equities and Lurin never rectified any of the hazardous conditions at Property.

8.

Due to Trio Equities's and Lurin's wrongful conduct and/or omissions – including but not limited to said Defendants' failure to remedy the uninhabitable conditions within Property and said Defendants intentionally concealing the hazardous conditions of Property, Plaintiff has suffered various damages including but not limited to bodily injury, mental anguish, emotional distress, loss of enjoyment of life, medical expenses, moving expenses, loss of use, inconvenience, lost wages, and property damage.

9.

All Defendants are jointly and in solido liable and indebted to Plaintiff for such damages as are reasonable in the premises.

10.

At all times relevant, Defendants are vicariously liable under the theory of respondeat superior for the acts and omissions of their employees, agents, and assigns, and as such, are liable unto Plaintiffs for their acts of negligence.

11.

At all times relevant herein, Plaintiff alleges, upon information and belief, that there was in full force and effect a policy and/or policies of liability insurance issued by ABC Insurance, in favor of Trio Equities and Lurin which affords coverage for liability for their wrongful conduct asserted herein against said Defendants, and which insurance inures to the benefit of Plaintiffs under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:1269, thereby entitling Plaintiff to maintain this direct action against Defendant insurer and thereby renders said Defendant insurer liable, jointly, severally and/or in solido, with Defendants.

## CAUSES OF ACTIONS

### Unfair Deceptive Trade Practices

12.

Trio Equities's and Lurin's wrongful conduct and/or omissions constitute unfair and deceptive trade practices under the meaning of the Louisiana Unfair and Deceptive Trade Practices and Consumer Protection Law ("LUPTA"). La. RS. § 51:1401 *et. seq.* Further, unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful.

13.

All Defendants' unfair trade practices occurred in the conduct of trade or commerce, because Defendants' unfair trade practices occurred during the "distribution of ...services and .. property" pursuant to the lease agreement between Defendants and Plaintiff.

14.

Plaintiff is the consumer under the meaning of LUPTA because each is a person who "lease goods or services." La. R.S. § 51:1402 (1). Plaintiff experienced a "loss of money or...property..." as a result of the use of employment by another person of an unfair or deceptive method, act, or practices because all Defendants' wrongful conduct caused Plaintiffs property damage, moving expenses, personal injury, and mental anguish.

15.

A trade practice is "deceptive" for purposes of LUTPA when it amounts to fraud, deceit or misrepresentation. Accordingly, Plaintiff realleges and incorporates by reference all of the allegations regarding fraud, deceit, and misrepresentation contained in Paragraphs 1 through 14 and 20 above as though fully restated verbatim herein.

16.

Additionally, Trio Equities and Lurin's acts of intentionally concealing and/or misrepresenting the hazardous conditions at Property and failing to make necessary repairs after Plaintiff notified said Defendant of said conditions were unfair and deceptive and caused Plaintiff substantial damages including personal injury, lost wages, property damage, and attorney fees.

17.

All Defendants aforementioned practices were not only deceptive but were immoral, unethical, and offends public policy.

## Breach of Contract

18.

Plaintiff realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 18 above as though fully restated verbatim herein.

19.

Pursuant to the lease agreement with Plaintiffs, Trio Equities (as lessor) warranted to Plaintiff (as lessee) that: (1) Plaintiff shall have peaceful possession of Property against any disturbance caused by a person who asserts ownership or any right in Property pursuant to Louisiana Civil Code Article 2700 and that (2) Property was safe, habitable, and free of any harm and defects that would render Property unsafe and/or uninhabitable pursuant to Louisiana Civil Code Article 2696.

20.

Trio Equities and Lurin breached its lessors' obligations pursuant to Louisiana Civil Code Articles 2700, 2696, 2682 and 1994 when said Defendants failed to remedy the excess humidity, water leaks, and widespread mold within Property. Consequently, Plaintiff's peaceful possession was continually disturbed throughout her residency at Property, and the aforementioned hazardous conditions caused Property to be rendered unsafe and uninhabitable.

21.

Further, Defendants' breach of its warranties caused Plaintiff substantial damages including general damages, property damage, mental anguish, and all non-pecuniary damages associated with breach of contract of lease— including mental anguish (associated with property damage) and Plaintiff's enjoyment of habitable living.

22.

Plaintiff witnessed multiple items of clothing and furniture be ruined and/or completely destroyed due to constant exposure to water leaks and/or extensive mold. Additionally, Plaintiff was forced to endure excess humidity, leaks, and widespread mold on a routine basis. Defendant never rectified any of the aforementioned hazardous conditions that Plaintiff continually experienced at Property.

23.

Due to Defendants' Trio Equities and Lurin's fraud, unfair, deceptive acts, and breach of warranties, Plaintiff request reimbursement of any and all rental payments Plaintiffs paid to Defendants pursuant to LA Civil Code 2013, 2018, 2719.

### Negligence

24.

At all times relevant, Defendants Trio Equities and Lurin are liable for its acts and/or omissions that caused Plaintiff's damages pursuant to Louisiana Civil Code Articles 2315, 2317, and 2317.1.

25.

At all times relevant, Trio Equities and Lurin are liable for the acts and/or omissions that took place on its property. Additionally, at all times relevant, Defendants' acts and/or omissions of failing to resolve the hazardous conditions at Property proximately caused Plaintiff's damage.

26.

Trio Equities and Lurin were aware or should have been aware of the hazardous conditions at Property, and that Plaintiff would suffer from adverse health symptoms including but not limited to headaches, difficulty breathing, sinus infections, and flu-like symptoms, and/or

5

other ill-health effects as a result of this exposure, but Defendants failed and/or willfully withheld knowledge of hazardous conditions from Plaintiff.

27.

In addition to the aforementioned acts of negligence, LA Trio Equities's and Lurin PM's wrongdoing include, but are not limited to, any of the following:

A. Failing to reveal and knowingly concealing the inherent dangers of any mold, and other harmful substances at Property;
B. Failing to provide necessary protection to Plaintiff, as well as to other family members;
C. Failing to provide clean, respirable air and proper ventilation;
D. Failing to advise residents of the ability to be exposed to extremely hazardous conditions;
E. Wanton and reckless disregard in the storage, handling, and remediation of said hazardous conditions;
F. Failing to warn of the dangers of hazardous conditions;

## Damage Caused By Ruin Of a Building

28.

Plaintiff realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 27 above as though fully restated verbatim herein.

29.

Louisiana Civil Code Article 2322 provides that the owner of a building is answerable for the damage occasioned by its ruin when this is caused by neglect to repair it.

30.

Louisiana Civil Code Article 2322 further stipulates that the owner of a building is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which cause the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise reasonable care.

31.

At all times relevant, upon information and belief, Trio Equities was the owner(s) of Property. Trio Equities had actual and constructive knowledge of the conditions at Property and failed to repair them. Had Trio Equities exercised reasonable care to repair Property, Plaintiff would have not been damaged. Accordingly, Plaintiff shall be compensated for the harm and damage they sustained as a result of Trio Equities' failure.

6

32.

As a result of all Defendants' fault, negligence and/or gross negligence, Plaintiff has suffered and continue to suffer injuries and damages for which Defendant is liable jointly, severally, and or in solido, including but not limited to:

- A. Past, present and future pain and suffering;
- B. Past, present and future mental anguish, distress, embarrassment and worry;
- C. Past, present and future medical care and related expenses;
- D. Past, present and future loss of enjoyment of life; and
- E. Such other general and special damages allowed by law as may be proved at the trial of this matter.

WHEREFORE, Plaintiff, Michelle Hutton, prays that Defendants, LA Trio Equities LLC, Lurin Property Management LLC, and ABC Insurance Company be duly cited and required to appear and answer same according to law and after legal delays, due proceedings had, there be judgment rendered herein in favor of Plaintiff and against Defendants jointly and/or in solido for reasonable damages in the premises, together with legal interest from the date of judicial demand until paid, for all costs of these proceedings, and for any and all general and equitable relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

DeVonn Jarrett, Esq. (#35843)
JARRETT LAW GROUP, LLC
643 Magazine St., Ste 301A
New Orleans, Louisiana 70130
Telephone: (504) 491-6806
Fax: (504) 571-5523
Email: djarrett@jarrettlawgroup.com
Attorney for Plaintiff

PLEASE SERVE:

1. LA Trio Equities LLC

   Through Registered Agent
   VCorp Agent Services
   3867 Plaza Tower Dr., 1st Fl
   Baton Rouge, Louisiana 70816

2. Lurin Property Management LLC

   Through Registered Agent
   Registered Agent Solution
   3867 Plaza Tower Dr., 1st Fl
   Baton Rouge, Louisiana 70816

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA